

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -7 PM 4: 17

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH JAMES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-0118** |
| **JAMES MILLER, WARDEN** | * | **SECTION: "I"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as time-barred**.

### Procedural History

Petitioner, Kenneth James, is a state prisoner incarcerated in the Washington Correctional Institute at the time of the filing of his federal habeas petition. On November

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

27, 1995, petitioner was convicted by a jury of first degree robbery, a violation of La. R.S. 14:64.1.[1] On December 19, 1995, petitioner was initially sentenced to a term of ten years imprisonment without benefit of parole, probation or suspension of sentence. On that date, petitioner also pled guilty to being a triple offender, for which he was subsequently sentenced to a term of 26 and 2/3 years as a multiple offender.[2] Defense counsel tendered a written motion for a new trial and a post-verdict judgment of acquittal which the trial court denied.[3] Counsel for petitioner did not request an appeal. On April 17, 1996, the State filed a motion to correct an illegal sentence which was subsequently denied by the trial court.[4]

On June 6, 1996, petitioner filed an application for post-conviction relief in the trial court seeking an out of time appeal.[5] When the trial court did not act, petitioner filed, on August 9, 1996, a request for a supervisory writ with the Louisiana Fourth Circuit Court of Appeal, seeking to compel the trial court to make a ruling.[6] On November 26, 1996, the

---

[1]See Docket Entry dated 11/27/95, State Rec. Vol. 1, *State v. Kenneth James*, No. 375-473, 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

[2]See Sentencing Transcript dated December 19, 1995 and Waiver of Rights form in State Record, Vol. 1.

[3]Copies of these motions, filed December 19, 1995, are included in State Rec. Vol. 1. See also Sentencing Transcript at p. 3.

[4]See State Rec. Supplemental Vol. 1, Docket Entry dated May 15, 1996.

[5]A copy of the original application could not be located in the state record. However, both parties apparently agree that it was filed on June 6, 1996.

[6]See State Rec. Vol. 1.

appellate court granted the writ, transferring the application to the trial court to determine whether trial counsel had failed to file an appeal on petitioner's behalf.[7] Defense counsel subsequently filed a motion for out-of-time appeal on January 10, 1997 and a direct appeal brief on April 8, 1997, seeking a review of petitioner's conviction for errors patent.[8] Counsel also filed a motion to withdraw, stating that no non-frivolous issues existed to be raised on appeal.[9] On May 5, 1997, petitioner filed a request to file a supplemental brief, which was granted. On June 9, 1997, petitioner filed a supplemental brief. Petitioner's counsel subsequently filed a *Jyles* brief on April 22, 1998, to which the State filed a response on May 8, 1998.[10] On July 7, 1998, petitioner requested leave to file a second supplemental *pro se* brief, which the court granted.[11] On August 12, 1998, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence.[12] Petitioner failed to seek a rehearing or to timely request Louisiana Supreme Court review of this decision.

---

[7] See State Rec. Vol. 2 for a copy of the Fourth Circuit's decision on Writ No. 96-K-1826.

[8] See State Rec. Vol. 1 for a copy of the direct appeal brief.

[9] See State Rec. Vol. 1, for a copy of this motion.

[10] A copy of petitioner's request to supplement, his supplemental brief, counsel's *Jyles* brief and the State's response thereto can be found in State Rec. Vol. 1.

[11] See State Rec. Vol. 1.

[12] See State Rec. Vol. 1 for a copy of the Fourth Circuit's decision affirming petitioner's conviction and sentence or see *State v. James*, 719 So.2d 755 (TABLE), 97-KA-0419 (La. App. 4th Cir. 8/12/98).

On February 11, 2000, petitioner submitted an application for post-conviction relief to the trial court. Therein, petitioner raised eight claims for relief: 1) denial of the right to cross-examine witnesses; 2) ineffective assistance when counsel failed to call a witness; 3) trial court erred in failing to grant a mistrial; 4) ineffective assistance when counsel failed to object to the admission of inadmissable hearsay; 5) ineffective assistance when counsel failed to present evidence that the victim was lying in order to cover up his own theft; 6) ineffective assistance when counsel failed to object to the State vouching for its own witnesses; 7) counsel was ineffective in failing to object to the trial court's erroneous jury instructions regarding the elements of intent and regarding presumptions; and, 8) counsel was ineffective in failing to request the appointment of an expert witness to establish that petitioner's injured hand could not have been used to commit the subject robbery.[13] On November 5, 2001, petitioner filed a request with the appellate court to compel the trial court to rule on his pending post-conviction application. The request was granted in part on December 19, 2001 when the Fourth Circuit ordered the trial court to conduct a hearing on two of petitioner's claims (numbers two and five) and denied the remaining claims.[14] The trial court held a

---

[13] See State Rec. Supplemental Vol. 1 for a copy of this post-conviction application. The court notes that the eight claims raised in this application are essentially the same as those raised before this court in petitioner's habeas petition.

[14] See State Rec. Vol. 2 for a copy of this ruling.

hearing on May 17, 2002,[15] but failed to issue a ruling, resulting in petitioner's May 16, 2003 filing of a writ application with the Fourth Circuit requesting the court to compel a ruling on the post-conviction application.[16] On May 30, 2003, the Fourth Circuit granted the writ and ordered the trial court to issue a ruling.[17] On June 16, 2003, the trial court denied petitioner's post-conviction claims.[18] A subsequent appeal of this decision to the Louisiana Fourth Circuit Court of Appeal, filed on July 14, 2003, resulted in that court's denial of the writ on September 29, 2003.[19] On November 10, 2003, petitioner applied for supervisory review of this decision to the Louisiana Supreme Court.[20] The request was denied on December 10, 2004.[21]

---

[15]See State Rec. Vol. 2, Transcript of Evidentiary Hearing dated May 17, 2002.

[16]See State Rec. Vol. 2 for a copy of petitioner's writ application.

[17]See State Rec. Vol. 2 for a copy of the decision on Writ No. 03-KH-3105.

[18]See State Rec. Vol. 2 for a copy of the trial court's ruling.

[19]See State Rec. Vol. 2 for a copy of this decision.

[20]See State Rec. Vol. 2 for a copy of the application.

[21]*State ex rel. James v. State*, 888 So.2d 826 (2003-KH-3105)(La. 12/10/04). See also, State Rec. Vol. 2 for a copy of this decision. The state's highest court denied the writ application pursuant to La. C.Cr. P. art. 930.8.

On January 11, 2005, petitioner filed the instant federal application for habeas corpus relief.[22] Therein, petitioner challenges his conviction and sentence based upon the claims which he raised in his February 11, 2000 state post-conviction application.[23] The State concedes, in its response to the habeas petition, that the claims raised before this court are exhausted. The State claims, however, that petitioner's claims should be dismissed because they are untimely. The State argues that petitioner's conviction became final on August 26, 1998, and his one year federal limitations period expired prior to the filing of petitioner's first state post-conviction application on February 11, 2000.[24]

---

[22]*See* Federal Record, Doc. # 1. This January 11, 2005, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. LeBlanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). In this case, petitioner did not date his petition when he signed it. However, the postmark date indicates that petitioner mailed the petition on January 11, 2005 and petitioner concedes that this date is his filing date in federal court. See Petitioner's Traverse, Rec. Doc. 5 at p. 4.

[23]See pages 3-4 herein for the listing of petitioner's claims.

[24]See Federal Record, Doc. 4.

Petitioner filed a traverse to the State's response on March 29, 2005,[25] therein agreeing with the State's recitation of the applicable dates for pertinent state filings but arguing that his federal petition should not be considered untimely filed because his state conviction should not be considered final until fourteen days after he was re-sentenced by the trial court, pursuant to the appellate court 's remand on direct appeal. Petitioner asserts that his conviction and sentencing became final on April 7, 1999 and that with appropriate tolling for his state proceedings, his federal habeas is timely filed.

**Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Section 2244(d)(1) of the statute generally requires that a petitioner bring his Section 2254 claims within one year from the date of finality of the judgment of conviction.[26] The court must

---

[25] See Federal Record, Doc. 5.

[26] There are other "triggers" to the running of this one year period which are not relevant in this case. Specifically, Section 2244(d) provides:
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

7

therefore determine when James' conviction became final to determine the commencement date for calculating the timeliness of this federal habeas corpus petition.

As outlined above, James was convicted on November 27, 1995, and adjudicated a multiple offender and sentenced on December 19, 1995. Ordinarily, his conviction would become final five days later, on Sunday, December 24, 1995, or December 26, 1995, the first business day thereafter,[27] when he did not timely file a written notice of appeal or file for reconsideration of his sentence. *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal); see also, La. C. Cr. P. art. 914).[28] However, in the instant case, James was granted and filed an out-of-time appeal some two years after his conviction would otherwise be considered final under the AEDPA. The question before the court, therefore, is whether the

---

applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[27] See La. C.Cr. P. Art. 13, which provides that when the last day of a limitations period is a legal holiday, the period runs until the end of the next day which is not a legal holiday.

[28] At the time of James' conviction, La. C. Cr.P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Because this statutory amendment occurred well after James' sentencing, it is inapplicable to this case.

out-of-time appeal had an impact on the commencement of the AEDPA's statute of limitations period.

In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *cert. denied*, 541 U.S. 1032 (2004), the United States Fifth Circuit Court of Appeals addressed the question of whether an out-of-time petition for appellate review was still within "direct review" such that it restarts the finality of the state conviction at issue for AEDPA limitations purposes. *Id.*, at 429. The Fifth Circuit squarely held that it does *not*.

In so finding, the *Salinas* court acknowledged that the granting of a petition for out-of-time appellate review by the Texas state courts restored the petitioner to the position he was in when he first possessed the right to direct review *under state law*. *Id.* at 429; *Cockerham v. Cain*, 283 F.3d 657 (5th Cir. 2002) (same, under Louisiana law). The court determined, however, that the granting of out-of-time state appellate review did not affect finality *under federal law*. The Fifth Circuit considered the fact that, under Texas law, in order to obtain out-of-time appellate review, a petitioner must make his request through the collateral review process. The court concluded that this procedural necessity took the petitioner out of the "direct review" process and entitled him to nothing more than tolling of the federal limitations period. *Id.* at 430.

Thus, for purposes of *federal law*, the Fifth Circuit held in *Salinas* that the granting of a request for out-of-time review "tolls AEDPA's statute of limitations . . . but it does not

9

require a federal court to restart the running of AEDPA's limitations period altogether." *Id.* at 430 (footnote omitted); *see also, McGee v. Cain*, 104 Fed. Appx. 989, 991-992 (5th Cir. 2004) (applying *Salinas* rationale to Louisiana out-of-time writ application). The Fifth Circuit held that, for limitations purposes, Salinas's conviction was final when the direct review process ended and it remained final for AEDPA purposes. *Id.* The *Salinas* court further resolved that the fact that petitioner was eventually granted an out-of-time appeal due to ineffective assistance of counsel (i.e., counsel failed to lodge the appeal timely) did not restart the federal limitations period, nor did attorney error or neglect constitute a basis for equitable tolling. *Salinas*, 354 F.2d at 432 (quoting *Cousin*, 310 F.3d at 848).

Under Louisiana law, as in Texas, to obtain an out-of-time appeal, a petitioner must file an application for post-conviction relief. *McGee*, 104 Fed. Appx. at 991 (citing *State v. Counterman*, 475 So.2d at 339). See also, *State v. Fuselier*, 908 So.2d 700, 700-01 (La. Ct. App. 3rd Cir. 7/27/05)("Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. . . [He] must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief")(citations omitted). Thus, the analysis of the United States Fifth Circuit Court of Appeals in *Salinas* applies to Louisiana convictions, leaving such convictions final for purposes of commencement of the AEDPA limitations period at the conclusion of the original period for seeking direct review. *Id.* The rationale of *Salinas* has been recently

followed in *Clark v. Cain*, 2005 WL 2304492 (W.D. La., Sept. 2, 2005)(petitioner's federal habeas application time-barred when out-of-time state appeal treated as a post-conviction application and not as a date when the conviction and sentence were deemed final); and, *Sims v. Andrews*, 2005 WL 1330154 (W.D. La., June 1, 2005 (same). *See also, Armando Murray v. Cain*, E.D. La. Civil Action 04-116 (Vance J.); *Lionel Young v. Andrews*, E.D. La. Civil Action 04-0945 (Barbier, J.); *George King v. Miller*, E.D.La. Civil Action 05-1194 (Beer, J.); and, *Ragille v. Duplessis v. Cain*, E.D. La. Civil Action 05-591 (Lemmon, J.).

In the instant case, James, like the petitioners in *Salinas* and *McGee*, was granted his out-of-time appeal through a collateral post-conviction request made to the state trial court. The out-of-time appeal process afforded James only with *tolling* of the AEDPA's limitations period. However, the out-of-time appeal did <u>not</u> restart or revive the finality of James' conviction for purposes of calculating the commencement date for AEDPA's one-year limitations period. Therefore, the suggestion in the State's response that James' conviction became final when his out-of-time appeal was no longer subject to review, ie., on August 26, 1998, is legally erroneous under *Salinas*.[29] Pursuant to the holding in *Salinas*, the court finds

---

[29]The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing *Smith v. Johnson*, 216 F.3d 521 (5th Cir. 2000)), *cert. denied*, 2001 WL 167908 (Feb. 12, 2001); *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998). It is clear that the State did not waive its limitation defense as the State contends, albeit under a different analysis, that James' petition is time-barred. Moreover, this court is not required to accept a waiver, either express or implicit,

11

that James' conviction became final on December 26, 1995, the first business day following the deadline of five days after he was sentenced and failed timely to appeal.[30]

Thus, literal application of the statute would bar James' Section 2254 petition in this court as of December 26, 1996. However, the AEDPA did not come into effect until April 24, 1996. For those prisoners whose convictions became final prior to the enactment date of the AEDPA, the U.S. Fifth Circuit has ruled that a one year grace period must be given for prisoners to file their federal habeas petitions, commencing with the date of AEDPA's enactment. *See Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998) (prisoners whose convictions final prior to enactment of AEDPA given one year grace period from April 24, 1996 through April 24, 1997). Therefore, petitioner had until April 24, 1997 to file his federal petition. Under the federal mailbox rule, his federal petition is deemed filed on January 11, 2005[31], nearly eight years after the deadline imposed by the AEDPA. Therefore, the petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral

---

where it is not judicially warranted. *Kunkle v. Dretke*, 352 F.3d 980, 989-90 (5th Cir. 2003) (citing *McGee v. Estelle*, 722 F.2d 1206 (5th Cir. 1984), and *Granberry v. Greer*, 481 U.S. 129 (1987)); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996).

[30]*See* discussion at pp. 7-8 of this Report.

[31]*See* discussion at pp. 5-6, footnote 18 of this Report.

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's first post-conviction pleading was his request to the trial court seeking an out-of-time appeal, filed on June 6, 1996. The limitations period therefore began to run as of the AEDPA's April 24, 1996 enactment date and was tolled as of petitioner's filing on June 6, 1996, after a lapse of 43 days. After a lengthy process, all of which the court finds represents tolled time, petitioner obtained his out-of-time appeal and subsequently filed an appeal which resulted in his conviction and sentence being affirmed by the Louisiana Court of Appeal, Fourth Circuit on August 12, 1998. Petitioner failed to seek a rehearing or request a higher court review, thus his state post-conviction proceedings ceased to be pending when his time for seeking such review expired thirty days thereafter, on September 11, 1998.[32] The limitations period continued to run for an additional 322 days thereafter, expiring on July 30, 1999, as petitioner failed to properly file another post-conviction pleading until February 11, 2000. Accordingly, unless there is another basis for tolling the limitations period, petitioner's federal habeas application is clearly time-barred.

The United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and there exists rare or extraordinary circumstances which

---

[32]*See* La. S.Ct. Rule X, Section 5.

13

prevented timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). *See also, Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis*, 158 F.3d at 810. Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

The record suggests that James' delayed appeal may have been the result of error on the part of his trial counsel. However, as noted above, the fact that counsel failed to lodge a timely appeal does not constitute a basis for equitable tolling. *Salinas*, 354 F.2d at 432 (quoting *Cousin*, 310 F.3d at 848). James therefore has not asserted any reason that might constitute exceptional circumstances why the one-year period should be considered equitably tolled, and this court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."). Accordingly,

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the petition of Kenneth James for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of November, 2005.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE