## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KENNETH JAMES   105654**                                **CIVIL ACTION**

**VERSUS**                                                **No.  05-0118**

**JAMES MILLER**                                          **SECTION:  I**

## <u>ORDER AND REASONS</u>

Before the Court is a motion for reconsideration filed on behalf of petitioner, Kenneth James.[1]  Petitioner asks the Court to reconsider its order adopting the United States Magistrate Judge's Report and Recommendation by determining that his objections to such were timely filed.

The *Federal Rules of Civil Procedure* do not expressly recognize motions for reconsideration.  *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).  A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e).  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *Dial One of the Mid-South, Inc. v. Bellsouth Telecomms., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005).  A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.

---

[1] R. Doc. No. 15.

1990).  The petitioner's motion was received on April 16, 2008; petitioner's deadline to file

objections was February 24, 2006.[2]  Therefore, the motion was received over two years after the

objections were due and a Rule 60(b) analysis is appropriate.[3]

     "Rule 60(b) relief will be afforded only in 'unique circumstances.'"  *Pryor v. U.S. Postal*

*Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (*quoting Wilson v. Atwood Group*, 725 F.2d 255, 257,

258 (5th Cir. 1984)).  A district court must exercise its sound discretion in deciding a Rule 60(b)

motion.  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).  Rule

60(b) provides for relief from a final judgment, order, or proceeding in the following limited

circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could
> not have been discovered in time to move for a new trial under Rule
> 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based
> on an earlier judgment that has been reversed or vacated; or applying
> it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time–and

for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

date of the proceeding."  Fed. R. Civ. P. 60(c).  Petitioner failed to bring this motion to the

Court's attention within the one-year time frame required by Rule 60(b)(1)-(3).  Therefore,

---

[2] *See* r. doc. no. 13, order granting extension of time to file objections.

[3] A *pro se* prisoner's filing date turns on the date the *pro se* prisoner delivers the filing to the prison
authorities for mailing in accordance with the prison mailbox rule.  *See Causey v. Cain*, 450 F.3d 601, 604 (5th Cir.
2006).  Although the Court is unaware of the date that petitioner gave the motion to prison authorities, petitioner
claims that this motion followed notification by the Clerk of Court on March 11, 2008, over two years after his
objections were due, that his case had been closed in December, 2005.

petitioner's only avenue for relief is pursuant to Rule 60(b)(6).

"When a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under Rule 60(b)(6) is proper even though the original failure to present that information was inexcusable." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (*quoted in Lavespere*, 910 F.2d at 173).  Petitioner has submitted no proof, outside of the fact that he requested legal postage for a mailing to this Court, that he mailed the objections timely. Petitioner has not provided the Court with a copy of the objections noting the date.  Furthermore, this request for relief comes over two years from the date of the order, which is not a reasonable amount of time, especially without an adequate explanation as to the reason it took more than two years to respond.

Accordingly,

**IT IS ORDERED** that petitioner's motion for reconsideration[4] is **DENIED**.

New Orleans, Louisiana, May 7, 2008.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. No. 201.